UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AL GENE FISHER, JR., <br><br>　　　　Plaintiff, <br><br>　　v. <br><br>T. GALYEN, et al., <br><br>　　　　Defendants. | No. 2:22-cv-1965 DB P <br><br> ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that defendants failed to protect him, used excessive force against him, and denied him medical treatment in violation of his constitutional rights. Presently before the court is plaintiff's motion to proceed in forma pauperis and his complaint for screening. For the reasons set forth below, the undersigned will recommend that the complaint be dismissed as duplicative and that the motion to proceed in forma pauperis be denied as moot.

**SCREENING**

**I.　Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

1

1  granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

2  U.S.C. § 1915A(b)(1) & (2).

3       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

4  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

5  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

6  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

7  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

8  pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.

9  Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

10 statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

11 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell

12 AtlanticCorp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

13 (1957)).

14      However, in order to survive dismissal for failure to state a claim a complaint must

15 contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

16 factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

17 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

18 allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

19 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

20 doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

21      The Civil Rights Act under which this action was filed provides as follows:

22      Every person who, under color of [state law] . . . subjects, or causes
        to be subjected, any citizen of the United States . . . to the deprivation
23      of any rights, privileges, or immunities secured by the Constitution .
        . . shall be liable to the party injured in an action at law, suit in equity,
24      or other proper proceeding for redress.

25 42 U.S.C. § 1983.  Here, the defendants must act under color of federal law.  Bivens, 403 U.S. at

26 389.  The statute requires that there be an actual connection or link between the

27 actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

28 Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

1  (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the
2  meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or
3  omits to perform an act which he is legally required to do that causes the deprivation of which
4  complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

5  Moreover, supervisory personnel are generally not liable under § 1983 for the actions of
6  their employees under a theory of respondeat superior and, therefore, when a named defendant
7  holds a supervisorial position, the causal link between him and the claimed constitutional
8  violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);
9  Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations
10 concerning the involvement of official personnel in civil rights violations are not sufficient. See
11 Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.     Allegations in the Complaint**

Plaintiff alleges the events giving rise to the claim occurred when he was incarcerated at California State Prison Sacramento. (ECF No. 1 at 1.) He has identified the following defendants: (1) correctional officer T. Galyen; (2) correctional officer Martell; (3) correctional lieutenant Abarca; (4) correctional sergeant Aguilar; (5) correctional sergeant Uribe; (6) correctional officer Nguyen; (7) correctional officer Diaz; (8) correctional officer Guerra; (9) correctional officer Tapia; (10) correctional lieutenant Stigelmeyer; (11) correctional officer Martin; (12) correctional officer Schultze; (13) correctional officer Joseph; (14) correctional officer A. Diaz; (15) correctional sergeant Kendall; (16) Registered Nurse L. Alex; (17) Registered Nurse A. Amavisca; (18) correctional officer Kurgan; and (19) Registered Nurse P. Xiong. (Id. at 1-2.)

Plaintiff states that on January 9, 2022, officer Galyen told other officers that plaintiff was in his cell masturbating. (Id. at 6.) Those officers came to plaintiff's cell and falsely accused him of the same and called him a "weirdo, sex offender" in the presence of other inmates. (Id.) Plaintiff received a note informing him that officer Martell was telling inmates plaintiff is a sex offender who "ned[ed] to go" which plaintiff took to mean that he needed to be hurt.

////

3

On January 14, 2022, Galyen, Nguyen, Abarca, Aguilar, and Uribe "searched [his] cell and trashed and stole personal property in retaliation of false allegation of masturbating on Jan[uary] 9, 2022," for filing a complaint regarding the note he received, and for signing a sworn declaration, serving as a witness related to officers' assault of an inmate. (Id.)

Plaintiff states he filed numerous complaints notifying prison administration that officers Kurgan, Martell, Galyen, Uribe, Nguyen, Aguilar, Abarca, and others were telling inmates that plaintiff was "a snitch, child molester, rapist, and sex offender" in "an attempt to have [plaintiff] hurt or killed." (Id. at 7.) Plaintiff further alleges he expressed safety concerns, but nothing was done. He was attacked by another inmate on May 5, 2022. Plaintiff was sent to an outside hospital for head and facial injuries. Plaintiff states the other inmate was not charged for the assault, but plaintiff was sent to the hole in an attempt to hide his injuries and deny him medical care.

Plaintiff alleges that on May 5, 2022, officers Martin, Guerra, Schultze, and Tapia used excessive force "by deploying an outrageous amount of chemical weapons instead of physically intervening [in] the attack." (Id. at 8.) He indicates officers deployed 7 oleoresin capsicum grenades causing plaintiff to suffer an asthma attack. He further states officers Stigelmeyer, Joseph, Diaz, Kendall, and an unknown officer refused to take him to the prison hospital. Plaintiff further alleges these officers lied and stated plaintiff refused medical treatment. Plaintiff states he was left in a holding cell with standing room only for eleven hours with no use of the bathroom or medical attention for no legitimate reason. (Id. at 8.) Plaintiff further states he was finally removed from the holding cell "after [he] couldn't take it no longer and wanted to commit suicidal [sic] to be removed from holding cage and receive medical attention." (Id.)

Plaintiff alleges that after the incident on May 5, 2022, he was medically evaluated by Nurse L. Alex. (Id. at 9.) He told her he needed his asthma inhaler and that he had injuries, but she ignored his requests for treatment. Alex also falsified her report to state that plaintiff did not have any injuries. Prison officials also falsified a report indicating that plaintiff refused medical treatment.

////

Plaintiff seeks punitive damages, a preliminary injunction ordering defendants to stop any retaliation and harassment, and a transfer to a different prison. (Id. at 10.)

### III. Failure to State a Claim

Examination of the complaint and review of the court's docket reveals that the pleading filed in this action contains allegations identical to, and therefore duplicative of, the complaint entered on the docket on October 28, 2022, in Fisher v. Galyen, 2:22-cv-1952 JDP (PC). "A complaint 'that merely repeats pending or previously litigated claims'" is subject to dismissal under 28 U.S.C. § 1915(e). "[A] duplicative action arising from the same series of events and alleging many of the same facts as an earlier suit" may be dismissed as frivolous or malicious under section 1915(e). See Bailey, 846 F.2d at 1021. "Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the 'comprehensive disposition of litigation.'" Adams v. California Dept. of Health Servs., 487 F.3d 684, 692 (9th Cir. 2007) (citation omitted), overruled on other grounds by Taylor v. Sturgell, 553 U.S. 880, 904 (2008).

To determine whether a claim is duplicative, courts use the test for claim preclusion. Adams, 487 F.3d at 688. "Thus, in assessing whether the second action is duplicative of the first, [courts] examine whether the causes of action and relief sought, as well as the parties or privies to the action are the same." Id. at 689 (citations omitted). "Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court against the same defendant." Id. at 688 (internal quotation marks and citations omitted).

In both this action and in Fisher v. Galyen, 2:22-cv-1952 JDP (PC), plaintiff alleges that officers put him in danger by disclosing details about his criminal history to other inmates, failed to protect him from an attack by another inmate, and denied him medical treatment after the attack. He has also identified the same individuals as defendants and seeks the same relief in both actions. Upon review, the complaints filed in these cases appear identical. The court finds this action is duplicative of Fisher v. Galyen, 2:22-cv-1952 JDP (PC) because it repeats the same allegations against the same defendants and seeks the same relief. Accordingly, the complaint should be dismissed.

### IV.     Leave to Amend

For the reasons stated above, the complaint should be dismissed. The undersigned has carefully considered whether plaintiff may amend the complaint to state a claim upon which relief can be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Assn. v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments). Here, given the defects noted above, the undersigned finds that granting leave to amend would be futile.

### IN FORMA PAUPERIS

Plaintiff submitted an affidavit and prison trust account statement that make the showing required by 28 U.S.C. § 1915(a). (ECF No. 2.) Nevertheless, because the undersigned recommends dismissal of this action without leave to amend, the court further recommends that plaintiff's request to proceed in forma pauperis be denied as moot.

### CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that the Clerk of the Court shall randomly assign a district judge to this action.

IT IS HEREBY RECOMMENDED that:

1. The motion to proceed in forma pauperis (ECF No. 2) be denied as moot; and

2. The complaint (ECF No. 1) be dismissed without leave to amend.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty (20) days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

///

///

///

1     Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 15, 2023

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/S/fish1965.scrn